UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| U'EEA CUSH-EL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SYNCHRONY BANK,[1] )<br>)<br>Defendant. ) | Case No. 4:19 CV 2771 HEA |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Synchrony Bank's ("Defendant") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 7). Plaintiff did not respond to the motion to dismiss, and the time for filing opposition to the motion and for response to the Show Cause Order[2] has now passed.

**I.  Background**

Plaintiff brings this action against Defendant alleging that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, in its attempt to collect an alleged credit card debt she owed.  (ECF Nos. 1-1 at 4 and 1-3 at 14)  Plaintiff filed her original Petition in the Circuit Court of St. Louis County on September 4, 2019, and Defendant removed the case to this Court on October 14, 2019.  (ECF No. 1)

---

[1] In the Complaint, Plaintiff identified Defendant as "Synchrony Bank Headquarters DBA: JC Penney."  Defense counsel has since provided the Court with Defendant's correct name.

[2] In the November 21, 2019, Order, the Court forewarned Plaintiff that "[f]ailure to respond might result in dismissal of this case without prejudice."  (ECF No. 12)

1

Defendant seeks to dismiss Plaintiff's Petition on several grounds, including that her FDCPA and FCRA claims are time-barred. Defendant argues that Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6). See Joyce v. Armstrong Teasdale, LLP, 635 F.3d 364, 367 (8th Cir. 2011) (noting that a statute of limitations defense is a ground for Rule 12(b)(6) dismissal only when the compliant itself established the defense). For the reasons set forth herein, the Court grants Defendant's motion to dismiss Plaintiff's Petition asserting FDCPA and FCRA claims as time-barred.

**II.     Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twonbly, 550 U.S. 544, 570 (2007). A plaintiff need not provide specific facts in support of his allegations, Erickson v. Pardue, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556. On a motion to dismiss, the Court accepts as true all of the factual allegations contained

in the complaint, even if it appears that "actual proof of those facts is improbable," id. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Twombly, 550 U.S. at 555-56; Fed. R. Civ. P. 8(a)(2).

Under the FDCPA's statute of limitations, an action must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The statute of limitations is triggered in the Eighth Circuit when the debt collector had "its last opportunity to comply with the FDCPA." Mattson v. U.S. West Communications, Inc., 967 F.2d 259, 261 (8th Cir. 1992).

Under the FCRA's statute of limitations, an action must be brought within two years "from the date on which liability arises[] [pursuant to 15 U.S.C.] § 1681p." Martin v. United Collections Bureau, Inc., 2015 WL 4255405, at *6 (E.D. Mo. July 14, 2015).

### III. Discussion

Defendant filed the instant motion pursuant to Rule 12(b)(6) and moves to dismiss Plaintiff's Petition. In support, Defendant argues that Plaintiff filed the Petition outside of the one-year statute of limitations applicable to FDCPA claim and the two-year statute of limitations applicable to FCRA. Defendant reasons that Plaintiff's cause of action accrued on January 2017; Plaintiff alleged in her Petition that "[t]he claim arose on or about January 2017."

Bar by a statute of limitations is an affirmative defense, which the defendant must plead and prove. See John R. Sand & Gravel Co. v. United States, 552 U.S. 130 (2008); Fed. R. Civ. P. 8(c). A defendant does not render a complaint defective by pleading an affirmative defense, Gomez v. Toledo, 446 U.S. 635, 640 (1980), and therefore the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense as in this case. See Varner v. Peterson Farms, 371 F.3d 1011, 1017-18 (8th Cir. 2004) (dismissal proper because complaint ruled out tolling of statute of limitations).

3

Therefore, for purposes of the instant motion the inquiry is whether the Petition itself establishes that Plaintiff's FDCPA and FRCA claims are barred by the statute of limitations.

The Petition alleges that the actions constituting violations of the FDCPA and FCRA occurred in January 2017. The Petition itself entirely forecloses the possibility that Plaintiff could successfully rebut Defendant's statute of limitations defense. In the context of a motion to dismiss under Rule 12(b)(6), dismissal on the basis of the statute of limitations is only proper, as here, where the Petition itself establishes the defense. See Joyce, 635 F.3d at 367 (citing Varner, 371 F.3d 1017-18) ("the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense."). Here, the Petition establishes that Plaintiff's FDCPA and FCRA claims are time-barred by the applicable statute of limitations. Accordingly, Defendant's Motion to Dismiss will be granted.

**IT IS HEREBY ORDERED** that Defendant Synchrony Bank's ("Defendant") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 7) is GRANTED. An appropriate judgment will accompany this Memorandum and Order.

Dated this 10th day of January, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE